CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

DEC - 7 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JONAH JERVAIS SOVEREIGN,<br>    Plaintiff, | Civil Action No. 7:15-cv-00568 |
| v. | **MEMORANDUM OPINION** |
| LESLIE FLEMING, et al.,<br>    Defendants. | By:  Hon. Jackson L. Kiser<br>       Senior United States District Judge |

Jonah Jervais Sovereign, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff names various staff of the Wallens Ridge State Prison ("WARSP") as defendants: Warden Leslie Fleming, Qualified Mental Health Provider ("QMHP") R. Saylor, and Correctional Officers J.J. Short, Sergeant J.B. Crabtree, and Sergeant A. Craft. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff submissions, I dismiss the claims against defendants Warden Fleming, Officer Short, Sgt. Crabtree and Sgt. Craft.

I must dismiss an action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal

quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).[1]

Plaintiff alleges Warden Fleming is liable for his "deliberate indifference" to subordinates creating a hostile and tense environment, delaying the processing of mail, and not correctly applying prison policies or procedures. Plaintiff also faults Warden Fleming for inmates' inability to consistently obtain informal complaint forms and for denying Plaintiff's grievance about an alleged fourteen to fifteen-hour gap between dinner and breakfast the next morning.

Plaintiff fails to state an actionable claim against Warden Fleming. Plaintiff cannot rely on mere labels and conclusions as a basis for a claim, and Plaintiff fails to describe Warden Fleming's deliberate indifference to a subordinate's conduct. See, e.g., Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Furthermore, Plaintiff does not have a constitutional right to obtain informal complaint forms, and Warden Fleming's denial of grievances does not state a claim upon which relief may be granted. See, e.g., Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994); DePaola v. Ray, No. 7:12cv00139, 2013 U.S. Dist. LEXIS 117182, *23, 2013 WL 4451236, at *8 (W.D. Va. July 22, 2013). Moreover, Warden Fleming cannot be liable under a theory of respondeat superior for subordinates' acts or omissions, and a federal claim does not arise merely

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

2

because a prison official did not adhere to a prison policy or procedure. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978); Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990). Plaintiff is not entitled to relief against Warden Fleming because Plaintiff has been exposed to uncomfortable, restrictive, or inconvenient conditions of confinement, like not receiving a free snack between dinner and breakfast. See, e.g., Henderson v. Virginia, No. 7:06-cv-00408, 2007 U.S. Dist. LEXIS 70207, at *26, 2007 WL 2781722, at *7 (W.D. Va. Sept. 21, 2007) (Conrad, J.) (unpublished). Rather, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

Plaintiff also fails to state a claim against Officer Short, Sgt. Crabtree, and Sgt. Craft. Plaintiff alleges that that Officer Short was deliberately indifferent on December 17, 2014, when he refused to give Plaintiff an emergency grievance after Plaintiff was not allowed to call his dying mother. Plaintiff further alleges that Officer Short denied Plaintiff access to mental health services after his mother's death. Officer Short also allegedly "maliciously" filed false prison charges against Plaintiff, resulting in Plaintiff's transfer to a segregation cell. Plaintiff alleges that Sgt. Crabtree inflicted cruel and unusual punishment on January 12, 2015, by stealing or destroying Plaintiff's personal photos and falsely charging Plaintiff with attempting to commit suicide, which caused Plaintiff to be housed in a stripped cell for thirty-six hours. Plaintiff alleges that Sgt. Craft was deliberately indifferent and caused injury by confiscating photos purchased from a vendor.

None of these allegations state a claim upon which relief may be granted. Like the allegations against Warden Fleming, Plaintiff cannot rely on labels and conclusions to state a claim, and he fails to describe how any officer was personally aware of facts indicating a

3

substantial risk of serious harm and actually recognized the existence of such a risk, especially in light of Plaintiff's statement that he did not attempt suicide. See, e.g., Farmer v. Brennan, 511 U.S. 825, 838 (1994). The simple fact Plaintiff stayed in a segregation cell temporarily does not form a basis of an actionable claim. See, e.g., Sandin v. Conner, 515 U.S. 472, 486-87 (1995); Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997). Because a meaningful post-deprivation remedy for the loss is available via the Virginia Tort Claims Act, Plaintiff cannot succeed on claims that prison officials acted outside the scope of official policy or custom to intentionally or negligently deprive Plaintiff of his property. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 538-39 (1981) (overruled in irrelevant part by Daniels v. Williams, 474 U.S. 327, 330-31 (1986)); Va. Code § 8.01-195.3.

Accordingly, the claims against Warden Fleming, Officer Short, Sgt. Crabtree, and Sgt. Craft are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff's claim that QMHP Saylor repeatedly refused to treat Plaintiff's Post-traumatic Stress Disorder for four months, "which resulted in bodily and direct injury," remains pending.

ENTER: This ___ day of December, 2015.

*Jackson L. Kiser*
Senior United States District Judge

4

Case 7:15-cv-00568-JLK-RSB   Document 10   Filed 12/07/15   Page 4 of 4   Pageid#: 138