CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEP - 2 2016

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **JONAH JERVAIS SOVEREIGN,** | ) | **Civil Action No. 7:15-cv-00568** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **LESLIE FLEMING, et al.,** | ) | **By:** **Hon. Jackson L. Kiser** |
| **Defendants.** | ) | **Senior United States District Judge** |

Jonah Jervais Sovereign, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, naming various staff of the Wallens Ridge State Prison ("WARSP") as defendants. All defendants except R. Saylor were terminated by an earlier memorandum opinion, and presently before me is Saylor's motion for summary judgment.[1] After reviewing the record, I find Saylor is entitled to qualified immunity and summary judgment.[2]

Plaintiff alleges in the complaint that Saylor, a staff psychologist at WARSP, was deliberately indifferent to his Post-Traumatic Stress Disorder for four months. During that time,

---

[1] I did not order Plaintiff to respond to Saylor's answer and, consequently, do not consider the response he filed. Fed. R. Civ. P. 12(a)(1)(C).

[2] A party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. Id. at 322-24. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995).

Qualified immunity permits "government officials performing discretionary functions . . . [to be] shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Once a defendant raises the qualified immunity defense, a plaintiff bears the burden to show that a defendant's conduct violated the plaintiff's right. Bryant v. Muth, 994 F.2d 1082, 1086 (4th Cir. 1993).

Plaintiff's mother died, which prompted Plaintiff's suicide attempt on January 12, 2015. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988); Estelle v. Gamble, 429 U.S. 97, 104 (1976); Conner v. Donnelly, 42 F.3d 220, 222 (4th Cir. 1994). Deliberate indifference requires a state actor to have been personally aware of facts indicating a substantial risk of serious harm, and the actor must have actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) ("[T]he evidence must show that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'"). "A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." Miltier, 896 F.2d at 851-52. A health care provider may be deliberately indifferent when the treatment provided is so grossly incompetent, inadequate, or excessive as to shock the conscience or is intolerable to fundamental fairness. Id. at 851.

Plaintiff fails to establish Saylor's deliberate indifference. Saylor was not involved with Plaintiff's mental health care, was not asked to assess Plaintiff, did not receive any request for care from Plaintiff, and had no knowledge that Plaintiff was suicidal before his suicide attempt. Indeed, the documentation in Plaintiff's mental health file reflects that Plaintiff repeatedly reassured other mental health professionals that he was fine and had denied suicidal ideations. "'In the absence of a previous threat of or an earlier attempt at suicide, we know of no federal court in the nation . . . that has concluded that official conduct in failing to prevent a suicide constitutes deliberate indifference.'" Gordon v. Kidd, 971 F.2d 1087, 1094 (4th Cir. 1992)

2

(quoting <u>Edwards v. Gilbert</u>, 867 F.2d 1271, 1275 (11th Cir. 1989)). Accordingly, Plaintiff has not alleged sufficient facts from which it could be established that Saylor had been deliberately indifferent before the suicide attempt, and Saylor's motion for summary judgment is granted.

**ENTER**: This 2nd day of September, 2016.

Senior United States District Judge

3